UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

IN RE:

MICHAEL R. MORIN,  CHAPTER 13
CASE NO. 09-22006

Debtor

SECURED CREDITOR RONALD L. PELLETIER'S
OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED
CHAPTER 13 PLAN

NOW COMES Ronald L. Pelletier, a secured creditor in this proceeding, through his attorney Jens-Peter W. Bergen, Esq. and objects to confirmation of Debtor's Amended Chapter 13 Plan (the "Amended Plan") on the following grounds:

BACKGROUND AND PROCEDURAL POSTURE

1. Debtor filed a Chapter 13 bankruptcy Petition on December 30, 2009. Ronald L. Pelletier ("Pelletier") was listed on the schedules as a secured creditor having a lien upon Debtor's residence. Pelletier's claim was valued at approximately $31,000.00.

2. Debtor valued his residence at $110,000.00 on the schedules filed with the Court, and claimed a homestead exemption in the amount of $39,000.00. A first mortgage to Graystone Solutions encumbers the residence. Debtor indicates that the amount owed on the mortgage as of the date of filing was $71,218.15. There is still no indication that the mortgage was in arrears at the date of filing, or that it is at present. To Pelletier's knowledge, no Proof of Claim has been filed by the mortgagee.

3. Pelletier timely filed a Proof of Claim dated January 20, 2010, in the amount of $34,611.18 (the "POC"), attaching a copy of the Complaint filed in the York County Superior Court which established Debtor's liability to Pelletier (the "Complaint"). Also attached to the POC were copies of the Judgment dated August 25, 2009 entered on that Complaint, and an Order Approving Attachment and Attachment on Trustee Process dated July 23, 2008, and recorded against the Debtor's real estate shortly thereafter. The Judgment was entered after a bench trial in Superior Court upon claims based in conversion and intentional infliction of emotional distress. The Judgment arose out of the Debtor's malicious attack upon Pelletier's pet terrier dog, wherein the Debtor entered Pelletier's truck, seized the dog and sliced open its throat, leaving the animal to bleed to death and be found by Pelletier in the bed of the truck. This attack was one undertaken by the Debtor intended as ill-conceived revenge. The Debtor has yet to express any remorse for his reprehensible deed.

4. Aside from three modest unsecured debts totaling $486.00, the unsecured debts listed on the petition consist of the following:

   a. Homepride Builders, Inc.    $19,000.00
   b. Nancy Henaire                 5,100.00
   c. Ronald L. Pelletier          30,571.00

Among the foregoing claimants, only Pelletier filed a Proof of Claim, in the amount of $34,611.18. Pelletier's claim appears from the Claims Register to be inadvertently duplicated. The Maine Department of Health and Human Services also filed a Proof of Claim for child support arrearages.

5. Upon information and belief, Nancy Henaire is Debtor's mother.

6. On the SOFA, Debtor indicates his sole source of income from employment in the last two years was Homepride Builders, Inc. ("Homepride"). On information and belief, the Debtor has not worked for this employer since October, 2009.

7. The only other creditors listed on the Petition are the mortgage debt and a nondischargeable domestic support obligation to be paid through the Plan.

8. The Amended Plan indicates an intention to avoid the lien Pelletier's judgment lien. To date, no such Motion has been filed by the Debtor.

9. The Plan proposes to pay a total of $100.00 to general unsecured creditors over a three (3) year term.

10. Schedule I of the petition states that Debtor's gross monthly projected income is $200.00, and that he derives that income from work as a self-employed contractor. He also lists income from his mother of $1200.00 per month.

11. In contrast to Schedule I's self-employed status, the SOFA indicates the source of Debtor's income as Homepride. No ownership interest in Homepride is listed on the Petition.

12. While Schedule I discloses gross projected monthly income of $200.00, Paragraph 1 of the SOFA indicates that in 2009 Debtor's total income was $4500.00 ($375.00 per month), and in 2008 it was $6480.00 ($540.00 per month).

13. Form B22C reveals gross monthly income over the six month period preceding the filing of the Petition in the amount of $750.00 per month. Since

the Petition was filed at the end of December 2009, and the SOFA shows total income in 2009 of $4500.00, Debtor has sworn that he received no income in the first five months of 2009 at least. There is no indication that the Debtor has regained employment of any kind.

## OBJECTIONS TO CONFIRMATION

Ronald Pelletier reiterates those objections timely made to the Debtor's original Amended Plan as to the Amended Amended Plan:

A. The Amended Plan is not proposed in good faith. 11 U.S.C. §1325(a)(3). Debtor is required to make meaningful payments under the Amended Plan and use his best efforts to fund the Amended Plan. The discrepancies in the reported historical and projected disposable income give rise to strong doubt as to the accuracy of the information provided. Debtor should be required to provide evidence in support of what appear to be varying statements of income.

B. The Amended Plan is not feasible. 11 U.S.C. §1325(a)(6). Debtor must show that he will be able to make all the payments under the Amended Plan. Debtor's disclosed budget does not allow even the small payments proposed under the Amended Plan. Even after including the contribution from his mother, the J Schedule shows disposable income of $30.00 per month on average. The Amended Plan payments fluctuate from $30.00 to $133.00 per month, without any explanation for the variances, or indication of how these payments will be made.

C. The action of Debtor in filing the Petition was not in good faith. 11 U.S.C. §1325(a)(7). Debtor's conflicting statements regarding average monthly

disposable income in Schedule I and the historical income information in the SOFA and B22C give rise to significant questions regarding the veracity of Debtor in providing information to the Court. The nature of the unsecured claims gives rise to further doubts regarding the purpose of this proceeding, in that aside from Pelletier's claim (which for the moment is secured but which is subject to Debtor's intention to avoid the lien), the only significant unsecured debts are to Debtor's mother and his apparent current employer, neither of whom has even filed a Proof of Claim.

D. The sole purpose of this Chapter 13 proceeding is to circumvent the nondischargeable nature of Pelletier's claim in Chapter 7, and to remove Pelletier's lien from Debtor's residence, and thus allow the Debtor to escape the consequences of a heinous act for which he remains utterly remorseless.

E. The Debtor has yet to make any attempt to address the foregoing concerns, each of which was articulated in Pelletier's prior objection to the Debtor's Plan.

**WHEREFORE,** Ronald L Pelletier prays that this Court deny confirmation of the Amended Plan, and order the following:

a. That the current market analysis identified on Debtor's schedules concerning the value of his residence be made available for review in its entirety;

b. That Debtor's tax returns for the last four years be disclosed for review;

c. That sufficient time be allowed to fully investigate these matters, and for determination of Ronald Pelletier's Motion for Summary Judgment in the pending Adversary Proceeding prior to confirmation of a Chapter 13 plan in this case;

5

d. That the Chapter 13 Trustee's Objections be fully resolved; and

e. That the Court make such other and further orders as it deems just and appropriate.

Dated at Kennebunk, Maine, this 13th day of October, 2010.

/s/Jens-Peter W. Bergen
Jens-Peter W. Bergen, Maine Bar #3930
Attorney for Ronald L. Pelletier
79 Portland Road
Kennebunk, Maine  04043
jwbergen@mainelawyer.net
(207) 985-6789

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

IN RE:

MICHAEL R. MORIN,                                        CHAPTER 13
                                                         CASE NO. 09-22006

      Debtor

## CERTIFICATE OF SERVICE

I, Jens-Peter W. Bergen, do hereby certify I am over the age of eighteen (18) years and that on this 13th day of October, 2010, I caused a copy of the foregoing Objection of Confirmation of Amended Chapter 13 Plan to be served on the persons listed below either electronically, via facsimile or first class U.S. mail, postage prepaid.

    Debtors' Counsel:    J. Scott Logan, Esq.
                                415 Congress Street
                                Portland, Maine 04101

    Chapter 13 Trustee:    Peter C. Fessenden, Trustee
                                P.O. Box 429
                                Brunswick, Maine 04011

U.S. Trustee's Office

All other parties who have registered for electronic notice.

Dated at Kennebunk, Maine this 13th day of October, 2010.

                                                      /s/Jens-Peter W. Bergen
                                                      Jens-Peter W. Bergen, Esq.
                                                      Attorney for Ronald L. Pelletier

**JENS-PETER W. BERGEN, ESQ.**
79 Portland Road
Kennebunk, ME 04043
Telephone No.: (207) 985-6789
Facsimile No.: (207) 985-6163
Maine Bar #3930