# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL R. MORIN, | ) | CHAPTER 13 |
| | ) | CASE NO.  09-22006 |
| | ) | |
| Debtor | ) | |

## RESPONSE TO OBJECTIONS TO CONFIRMATION

    NOW COMES the Debtor, Michael R. Morin (hereafter "Debtor"), by and through the undersigned counsel, and responds to the objections filed by the Chapter 13 Trustee and creditor Ronald Pelletier as follows:

1. The Trustee seeks a delay of confirmation until Debtor acquire "meaningful" employment. Debtor works as an independent contractor for Homepride Builders. Debtor works whenever employment is available. Several years ago, Debtor acted under erroneous information and took certain actions in response to a fear that his girlfriend had been the victim of sexual assault. Those action resulted in a criminal conviction and negative publicity that adversely affected Debtor's employment prospects. Rather than leave his children and elderly mother, Debtor continues to reside and work in his hometown. Debtor fully acknowledges that if his employment changes, the Trustee may seek a revision of his plan. However, delaying confirmation because Debtor's income is minimal is not warranted.
2. The Trustee seeks an itemized business budget. Due to negative publicity, Debtor's employment is almost entirely limited to subcontracting for Homepride Builders. As such, Debtor has very few business expenses and an itemized business budget is unnecessary.
3. Debtor has not filed tax returns for the above mentioned years. Debtor has been minimally employed and believes his income grossly insufficient to warrant the filing of tax returns. Debtor's mother covers many of his expenses with gifts or payments on his behalf. Such payments should not be considered taxable income.
4. Creditor Ronald Pelletier asserts that neither Debtor's plan nor petition were filed in good faith. While a large judgment in favor of Pelletier was the onus causing Debtor to file his case, that alone does not establish bad faith. Debtor is in the process of reorganizing and repaying his disposable income to his creditors. He is paying what he can afford.
5. Pelletier argues that Debtor's historical income does not match his anticipated income and he therefore has filed something in bad faith. Debtor filed his case in December 2009. The six months ending November 30, 2009 were his best

    months as a construction contractor, due to the absence of cold and wet weather during those months. Debtor did not anticipate similar income during the winter or spring months and averaged his anticipated income in order to create a viable budget.
6. Pelletier argues Debtor's plan is not feasible because it fluctuates. However, it fluctuates with the seasons, as Debtor's employment is seasonal/
7. Finally Pelletier argues Debtor filed his Chapter 13 case to circumvent a debt that was nondischargeable in Chapter 7. Such is not the case. Debtor filed to reorganize and repay his creditors what he could afford during his plan. He is doing just that. That the maximum Debtor can afford to repay creditors is a small amount does not, in and of itself, constitute bad faith.

WHEREFORE, Debtor respectfully requests that this Court Confirm his Chapter 13 Plan.


Dated: October 25, 2010        /s/ J. Scott Logan

                              Law Office of J. Scott Logan

                              415 Congress Street, Ste. 202
                                  Portland, ME 04101

                                  (207) 699-1314

## RECONCILIATION BALANCE SHEET
### (Total payments and total distributions should be the same)

**A. Total payments from Debtor to Trustee**     **$ 5,228.00**
B. Distributions to be made by Trustee in accordance with Plan.

    1. Trustee's fees.     $ 522.80
    2. Debtor's attorney's fees     $ 900.00
    3. Administrative Reserve     $ 258.20
    4. Secured Claims     $

    5. Cure of executory contracts and leases
       a. $_____/mo. for ___ months to [Creditor]     $ 0.00
       b. $_____/mo. for ___ months to [Creditor]     $ 0.00
    6. Total priority claims     $ 3,472.00
    7. Total to class I general unsecured claims     $ 75.00
    8. Total to class II general unsecured claims     $ 0.00
    9. Other (describe):     $ 0.00
**C. Total Distributions**     **$ 5,228.00**